IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMARA HOPERSBERGER,** | : | **CIV NO. 1:23-CV-879** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Magistrate Judge Carlson)** |
| | : | |
| **KILOLO KIJAKAZI**, | : | |
| **Acting Commissioner of Social Security** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM OPINION

### I.   Factual Background

This is a *pro se* Social Security appeal filed by Tamara Hopersberger. (Doc. 1). Ms. Hopersberger brought this action on May 26, 2022. (Id.) Appended to Ms. Hopersberger's complaint were exhibits which placed the plaintiff on notice that the Social Security Appeals Council had denied her request for review on February 1, 2023, and she had sixty days from the date of notification of this action in which to take an appeal of this decision to the district court. (Id., Ex. A). Thus, Ms. Hopersberger's complaint explicitly indicated that the plaintiff was on notice that she needed to file this appeal on or before April 7, 2023. Despite this express notification, it is undisputed that Ms. Hopersberger waited until May 26, 2023, some six weeks after the filing deadline, to commence this action challenging the Commissioner's

1

decision.

On these facts, the Commissioner filed a motion to dismiss and brief on July 31, 2023, which argued that Hopersberger's complaint was untimely under the sixty-day limitations period that applies to Social Security appeals. (Docs. 10, 11). Mindful of the fact, that the court record revealed some delays by Hopersberger in taking necessary actions in this litigation, we entered an order on July 31, 2023, which advised Hopersberger in clear and precise terms that:

> The plaintiff shall file a response to the motion on or before **August 18, 2023**. Pursuant to Local Rule 7.7 the movant may then file a reply briefs on or before **September 1, 2023**. All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances. The plaintiff, who is proceeding pro se, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:
>
>> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

> It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

(Doc. 12).

Notwithstanding this clear instruction, the deadline set by the court for responding to this motion has passed without any action by Hopersberger to respond to this motion to dismiss. Accordingly, in the absence of any action by the plaintiff to comply with the court's orders and prosecute this appeal, this case will be deemed ripe for resolution.

For the reasons set forth below, this Social Security appeal will be dismissed.

## II. Discussion

### A. Under The Rules of This Court This Motion to Dismiss Should Be Deemed Unopposed and Granted.

At the outset, under the Local Rules of this court the plaintiff should be deemed to concur in this motion, since the plaintiff has failed to timely oppose the motion or otherwise litigate this case. This procedural default completely frustrates and impedes efforts to resolve this matter in a timely and fair fashion, and under the rules of this court warrants dismissal of the action, since Local Rule 7.6 of the Rules of this court

3

imposes an affirmative duty on the plaintiff to respond to motions and provides that

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not to oppose such motion*. Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.'" Williams, No. 09-1704, 2010 WL 3703808, at *1 (quoting Stackhouse, 951 F.2d at 30)). In this case, the plaintiff has not complied with the local rules, or this Court's order, by filing a timely response to this motion. Therefore, these procedural defaults by the plaintiff compel the court to consider:

> [A] basic truth: we must remain mindful of the fact that "the Federal Rules are meant to be applied in such a way as to promote justice. *See* Fed. R. Civ. P. 1. Often that will mean that courts should strive to resolve cases on their merits whenever possible. However, justice also requires that the merits of a particular dispute be placed before the court in a timely fashion ...." McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 197 (3d Cir.1998).

4

Lease v. Fishel, 712 F. Supp. 2d 359, 371 (M.D. Pa. 2010).

With this basic truth in mind, we acknowledge a fundamental guiding tenet of our legal system. A failure on our part to enforce compliance with the rules, and impose the sanctions mandated by those rules when the rules are repeatedly breached, "would actually violate the dual mandate which guides this Court and motivates our system of justice: 'that courts should strive to resolve cases on their merits whenever possible [but that] justice also requires that the merits of a particular dispute be placed before the court in a timely fashion.'" Id. Therefore, we are obliged to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules.

These basic tenets of fairness apply here. In this case, the plaintiff has failed to comply with Local Rule 7.6 and has failed to file a timely response to this motion to dismiss. This failure now compels us to apply the sanction called for under Rule 7.6 and deem the motion unopposed.

      **B.**     **<u>Dismissal of this Case Is Warranted Under Rule 41</u>.**

Rule 41(b) of the Federal Rules of Civil Procedure also authorizes a court to dismiss a civil action for failure to prosecute, stating that: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court

5

and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (citations omitted). That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion, "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (quoting Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe, 538 F.3d at 263 (quoting Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992)). Consistent with this view, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in

6

order to dismiss a complaint.'" Id. (quoting Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Mindek, 964 F.2d at 1373). Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the Court of Appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, 296 F.3d 184; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

In this case, a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action. At the outset, a consideration of the first Poulis factor—the extent of the party's personal responsibility—shows that the failure to respond to this motion is entirely attributable to the plaintiff, who has failed to abide by court orders or submit a brief in response to this motion to dismiss.

Similarly, the second Poulis factor— the prejudice to the adversary caused by the failure to abide by court orders—also calls for dismissal of this action. Indeed, this factor—the prejudice suffered by the party seeking sanctions—is entitled to great weight and careful consideration. As the Third Circuit has observed:

> "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable

> dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir. 1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe, 538 F.3d at 259-60.

In this case, the plaintiff's failure to litigate this claim, or to comply with court orders, now wholly frustrates and delays the resolution of this action. In such instances, the defendant is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio, 256 F. App'x 509 (failure to timely serve pleadings compels dismissal); Reshard, 256 F. App'x 506 (failure to comply with discovery compels dismissal); Azubuko, 243 F. App'x 728 (failure to file amended complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor—the history of dilatoriness on the plaintiff's part—it becomes clear that dismissal of this action is now appropriate. In this regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders.'" Briscoe, 538 F.3d at 260-61 (quoting Adams, 29 F.3d at 874) (some citations omitted). Here, it appears that the plaintiff has filed an

8

untimely and time-barred complaint. When this procedural shortcoming and default was brought to her attention, the plaintiff then failed to comply with court orders or file a brief in response to the Commissioner's motion to dismiss, as she had been directed to do. Thus, the plaintiff's conduct displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874.

    The fourth Poulis factor—whether the conduct of the party or the attorney was willful or in bad faith—also cuts against the plaintiff in this case. In this setting, we must assess whether this conduct reflects mere inadvertence or willful conduct, in that it involved "strategic," "intentional or self-serving behavior," and not mere negligence. Adams, 29 F.3d at 875. At this juncture, when the plaintiff has failed to comply with the specific instructions of the court, the court is compelled to conclude that the plaintiff's actions are not isolated, accidental, or inadvertent but instead reflect an ongoing disregard for this case and the court's instructions.

    While Poulis also enjoins us to consider a fifth factor—the effectiveness of sanctions other than dismissal—cases construing Poulis agree that in a situation such as this case, where we are confronted by a *pro se* litigant who will not comply with the rules or court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe, 538 F.3d at 262-63; Emerson, 296 F.3d at 191. This case presents such

a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize other lesser sanctions to ensure that this litigation progresses in an orderly fashion. In any event, by entering our prior orders and counseling the plaintiff on her obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still ignores her responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

    Finally, under Poulis, we are cautioned to consider one other factor, the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims since the plaintiff is now wholly non-compliant with the court's instructions. The plaintiff cannot refuse to comply with court orders which are necessary to allow resolution of the merits of his claims, and then assert the untested merits of these claims as grounds for declining to dismiss the case. Furthermore, it is well settled that "'no single Poulis factor is dispositive,' [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.'" Briscoe, 538 F.3d at 263 (quoting Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373). Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent dismissal of a case for failure to prosecute.

In any event we note that it appears on the face of the plaintiff's pleadings that her Social Security appeal is time-barred. In this regard, as we have previously observed:

> 42 U.S.C. § 405(g) prescribes the period within which one must file a complaint seeking judicial review of an administrative decision denying social security benefits, and provides that: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).
>
> It is well-settled that this 60–day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Nonetheless because the limitations period is a condition of the waiver of sovereign immunity, and serves a salutary purpose in ensuring timely submission of claims, this 60–day limitations period "must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, as a statute of limitations, the 60–days limitations period prescribed by § 405(g) is also subject to equitable tolling. Indeed, as the Supreme Court has observed: "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' " Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).
>
> Adopting these benchmarks courts have held that equitable tolling should be rare and "equitable tolling is 'to be applied sparingly' " Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012), but have agreed that equitable tolling "may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff

has timely asserted his or her rights mistakenly in the wrong forum.' " <u>Cardyn v. Comm'r of Soc. Sec</u>., 66 F. App'x 394, 397 (3d Cir. 2003) quoting <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1387 (3d Cir. 1994). With respect to equitable tolling claims made in this setting, it is also clear that: "plaintiff bears the burden of establishing that equitable tolling applies. <u>Courtney v. La Salle Univ</u>., 124 F.3d 499, 505 (3d Cir.1997)." <u>Frazier v. Colvin</u>, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013).

<u>Pearson v. Colvin</u>, No. 1:14-CV-1400, 2014 WL 7359190, at *3 (M.D. Pa. Dec. 23, 2014).

Applying these legal benchmarks to the facts of this case—which are uncontested by Hopersberger—we find that this appeal should be dismissed as time-barred. It is entirely undisputed that the Social Security Appeals Council denied review of the plaintiff's case on February 1, 2023. This event triggered the plaintiff's duty to file this action within sixty days and we know from an exhibit which Hopersberger attaches to her complaint that she was specifically advised that she needed to file this complaint with the district court by April 7, 2023, if she wished to further challenge this disability determination. (Doc. 1, Ex. A). Notwithstanding these clear instructions, Hopersberger did not file her complaint in a timely fashion. Instead, she delayed some six weeks past this deadline before acting.

Moreover, having apparently defaulted on her obligation to timely filed her complaint Hopersberger now has engaged in a second default by failing to respond to the Commissioner's motion to dismiss. In the absence of any response from the

plaintiff, we cannot say that the plaintiff has carried her burden of proving extraordinary circumstances which would justify tolling this limitations period. Simply put, there is no indication that the Commissioner actively misled the plaintiff respecting the plaintiff's cause of action; that the plaintiff in some extraordinary way has been prevented from asserting her rights; or that Hopersberger timely asserted her rights mistakenly in the wrong forum. Quite the contrary, the exhibit attached to the plaintiff's complaint makes it clear that Hopersberger was specifically informed regarding what action she needed to take to further challenge this disability determination; when she needed to act; and where she needed to file her appeal. Given this immutable evidence, there simply are no grounds for equitable tolling of this limitations period and a straightforward application of § 405(g)'s sixty-day statute of limitations bars this appeal.

### III.   Conclusion

Accordingly, for the foregoing reasons, this case will be DISMISSED as time-barred and for failure to prosecute.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: August 22, 2023