IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMARA HOPERSBERGER,** | : | CIV NO. 1:23-CV-879 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **KILOLO KIJAKAZI**, **Acting Commissioner of Social Security** | : | |
| **Defendant** | : | |

**MEMORANDUM OPINION**

**I.      Factual Background**

This case comes before us on a motion to reconsider our prior ruling dismissing the plaintiff's case as time barred. (Doc. 15). This motion is fully briefed and is, therefore, ripe for resolution. For the reasons set forth below, the motion will be DENIED.

By way of background, this is a *pro se* Social Security appeal filed by Tamara Hopersberger. (Doc. 1). Ms. Hopersberger brought this action on May 26, 2022. (Id.) Appended to Ms. Hopersberger's complaint were exhibits in the form of correspondence from her prior counsel which placed the plaintiff on notice that the Social Security Appeals Council had denied her request for review on February 1, 2023, and she had sixty days from the date of notification of this action in which to

take an appeal of this decision to the district court. (Id., Ex. A). Thus, Ms. Hopersberger's complaint explicitly indicated that the plaintiff was on notice that she needed to file this appeal on or before April 7, 2023. Despite this express notification, it is undisputed that Ms. Hopersberger waited until May 26, 2023, some six weeks after the filing deadline, to commence this action challenging the Commissioner's decision.

On these facts, the Commissioner filed a motion to dismiss and brief on July 31, 2023, which argued that Hopersberger's complaint was untimely under the sixty-day limitations period that applies to Social Security appeals. (Docs. 10, 11). Mindful of the fact that the court record revealed previous delays by Hopersberger in taking necessary actions in this litigation, we entered an order on July 31, 2023, which advised Hopersberger in clear and precise terms that:

> The plaintiff shall file a response to the motion on or before **August 18, 2023**. Pursuant to Local Rule 7.7 the movant may then file a reply briefs on or before **September 1, 2023**. All briefs must conform to the requirements prescribed by Local Rule 7.8. No further extensions shall be granted, absent compelling circumstances. The plaintiff, who is proceeding pro se, is advised that Local Rule 7.6 of the Rules of this Court imposes an affirmative duty on the plaintiff to respond to motions, and provides that:
>
>> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. *Any party who fails to comply with this rule shall be deemed not*

> *to oppose such motion.* Nothing in this rule shall be construed to limit the authority of the court to grant any motion before expiration of the prescribed period for filing a brief in opposition. A brief in opposition to a motion for summary judgment and LR 56.1 responsive statement, together with any transcripts, affidavits or other relevant documentation, shall be filed within twenty-one (21) days after service of the movant's brief.

Local Rule 7.6 (emphasis added).

It is now well-settled that "Local Rule 7.6 can be applied to grant a motion to dismiss without analysis of the complaint's sufficiency 'if a party fails to comply with the [R]ule after a specific direction to comply from the court.' Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (1991)." Williams v. Lebanon Farms Disposal, Inc., No. 09-1704, 2010 WL 3703808, *1 (M.D. Pa. Aug.26, 2010). Therefore, a failure to comply with this direction may result in the motion being deemed unopposed and granted.

(Doc. 12).

Notwithstanding this clear instruction, the deadline set by the court for responding to this motion passed without any action by Hopersberger to respond to this motion to dismiss. Accordingly, in the absence of any action by the plaintiff to comply with the court's orders and prosecute this appeal, this case was be deemed ripe for resolution by the court and we dismissed Hopersberger's complaint as time-barred under the applicable statute of limitations governing Social Security appeals. (Docs. 13 and 14).

This action on our part finally stirred Hopersberger to take some steps to litigate her case. Specifically, Hopersberger filed a motion to reconsider this ruling

3

which urged us to deny the Commissioner's motion to dismiss based upon equitable tolling of the statute of limitations due to what the plaintiff described as attorney abandonment. (Doc. 15). This motion is now fully briefed and is ripe for resolution.

For the reasons set forth below, this motion to reconsider is denied.

## II. Discussion

### A. Motion to Reconsider—Standard of Review.

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation

omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010). Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

    **B.**  **This Motion to Reconsider Will Be Denied.**

Judged against these legal benchmarks, Hopersberger's motion to reconsider will be denied. At the outset, we note that Hopersberger does not contend that there has been an intervening change in the law that compels reconsideration of this case. Nor does she assert that there are now new facts which warrant reconsideration of our prior decision. Instead, she simply seems to argue that we should indulge in an

5

equitable tolling of the limitations period—a limitations period which Hopersberger's own pleadings reveal was well known to the plaintiff—in order to avoid a manifest injustice.

We disagree. On this score, we note that it appears on the face of the plaintiff's pleadings that her Social Security appeal is time-barred. In this regard, as we have previously observed:

> 42 U.S.C. § 405(g) prescribes the period within which one must file a complaint seeking judicial review of an administrative decision denying social security benefits, and provides that: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).
>
> It is well-settled that this 60–day filing requirement is not a jurisdictional limit on the power of the court, "but rather constitutes a period of limitations." Bowen v. City of New York, 476 U.S. 467, 478, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Nonetheless because the limitations period is a condition of the waiver of sovereign immunity, and serves a salutary purpose in ensuring timely submission of claims, this 60–day limitations period "must be strictly construed." Bowen v. City of New York, 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). However, as a statute of limitations, the 60–days limitations period prescribed by § 405(g) is also subject to equitable tolling. Indeed, as the Supreme Court has observed: "application of a 'traditional equitable tolling principle' to the 60–day requirement of § 405(g) is fully 'consistent with the overall congressional purpose' and is 'nowhere eschewed by Congress.' " Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986).

> Adopting these benchmarks courts have held that equitable tolling should be rare and "equitable tolling is 'to be applied sparingly' " Kramer v. Comm'r of Soc. Sec., 461 F. App'x 167, 169 (3d Cir. 2012), but have agreed that equitable tolling "may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.' " Cardyn v. Comm'r of Soc. Sec., 66 F. App'x 394, 397 (3d Cir. 2003) quoting Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). With respect to equitable tolling claims made in this setting, it is also clear that: "plaintiff bears the burden of establishing that equitable tolling applies. Courtney v. La Salle Univ., 124 F.3d 499, 505 (3d Cir.1997)." Frazier v. Colvin, No. CIV.A. 13 28, 2013 WL 1891351, at *2 (W.D. Pa. May 6, 2013).

Pearson v. Colvin, No. 1:14-CV-1400, 2014 WL 7359190, at *3 (M.D. Pa. Dec. 23, 2014).

Furthermore, it is well-settled that:

> In addition, a litigant "will not receive the benefit of" tolling in any of these situations "unless she exercised due diligence in pursuing and preserving her claim." Santos, 559 F.3d at 197. That is, tolling will never extend to "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline." Holland, 560 U.S. at 651–52, 130 S.Ct. 2549 (internal quotation marks and citations omitted).

D.J.S.-W. by Stewart v. United States, 962 F.3d 745, 750 (3d Cir. 2020).

Applying these legal benchmarks to the facts of this case—which are uncontested by Hopersberger—it is entirely undisputed that the Social Security Appeals Council denied review of the plaintiff's case on February 1, 2023. This event triggered the plaintiff's duty to file this action within sixty days and we know

from an exhibit which Hopersberger attaches to her complaint that she was specifically advised by her former counsel that he would not be representing her moving forward and that she needed to file this complaint with the district court by April 7, 2023, if she wished to further challenge this disability determination. (Doc. 1, Ex. A). Notwithstanding these clear instructions, Hopersberger did not file her complaint in a timely fashion. Instead, she delayed some six weeks past this deadline before acting.

Nothing presented by Hopersberger in her motion to reconsider changes these immutable facts. Moreover, Hopersberger's motion simply does not provide valid grounds for invoking the equitable tolling doctrine. At the outset, it is clear that Hopersberger cannot contend that the Commissioner actively misled her regarding her rights. Quite the contrary, it is absolutely clear that the plaintiff was well aware of her right to appeal, and her legal duty to pursue such an appeal within 60 days. Nor can Hopersberger avail herself of equitable tolling by arguing that she timely filed an appeal but mistakenly sought relief in the wrong forum. Thus, Hopersberger can only obtain equitable tolling relief if she can show that she was in some extraordinary way prevented from asserting her rights.

Hopersberger attempts to meet this exacting burden by arguing attorney abandonment, but these efforts are unavailing. Typically, an essential element to an attorney abandonment claim is a showing that the client was actively deceived by his

or her counsel, and led to believe that counsel was acting on the client's behalf when, in fact, the attorney had abandoned the client. Thus,

> The Third Circuit has recognized in certain cases that an attorney's malfeasance, combined with the petitioner's reasonable diligence to pursue his rights may warrant equitable tolling of the statute of limitations. Ross v. Varano, 712 F.3d 784, 800 (3d Cir.2013); Schlueter v. Varner, 384 F.3d 69, 76 (3d Cir.2004). For instance, the court found equitable tolling was warranted in a Title VII case where counsel misrepresented to his client that he had already timely filed a complaint, and by the time the client discovered that he had not done so, the statute of limitations had run. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999).

Randle v. United States, 954 F. Supp. 2d 339, 346 (E.D. Pa. 2013). This essential element of attorney abandonment—malfeasance coupled with misleading conduct—is entirely lacking here. Far from misleading Hopersberger regarding her rights, the plaintiff's former counsel acted in an entirely transparent fashion, immediately notifying her of the adverse Appeals Council decision, advising her that he would not be able to represent the plaintiff moving forward, and explicitly placing Hopersberger on notice of her obligation to pursue an appeal within 60 days. Given this clear notice provided to the plaintiff by her former counsel, Hopersberger cannot excuse her indolence by blaming her former attorney for her own failure to act. This attorney abandonment claim fails.

Nor can Hopersberger meet her obligation of showing that she acted with due diligence and is therefore entitled to equitable tolling of this limitations period. Quite

the contrary, Hopersberger's approach to this litigation has been marked by casual indifference to her litigation obligations rather than any form of due diligence in pursuing her rights. Thus, having defaulted on her obligation to timely filed her complaint Hopersberger then engaged in a second default by failing to timely respond to the Commissioner's motion to dismiss. Since a showing of due diligence is essential to any equitable tolling request, Hopersberger's repeated indolence defeats this belated equitable tolling claim. Given this immutable evidence, there simply are no grounds for equitable tolling of this limitations period and a straightforward application of § 405(g)'s sixty-day statute of limitations bars this appeal.

### III. Conclusion

Accordingly, for the foregoing reasons, Hopersberger's motion to reconsider (Doc. 15) is DENIED.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: November 1, 2023